VITANTONIO, Trustee, et al., Appellants,

v.

WICKLIFFE, Appellee.

[Cite as *Vitantonio v. Wickliffe*, 181 Ohio App.3d 355, 2009-Ohio-1139.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

Nos. 2007–L–177, 2007–L–178 and 2007–L–179.

Decided March 13, 2009.

The Klammer Law Office, Ltd., and Joseph R. Klammer, for appellants.

William C. Gargiulo, Wickliffe Law Director, for appellee.

COLLEEN MARY O'TOOLE, Judge.

{¶ 1} In this consolidated appeal, appellants Louis J. Vitantonio and others contend that the Lake County Court of Common Pleas erred in dismissing their appeal from the Wickliffe Board of Zoning Appeals for lack of a final, appealable order. For the reasons that follow, we reverse the judgment and remand the cause.

{¶ 2} On August 23, 2006, appellants were cited with multiple notices of property-maintenance violations issued by the city of Wickliffe's building commissioner. Each notice explained that the failure to come into compliance within ten days could result in the filing of a complaint and summons in the Willoughby Municipal Court. On September 15, 2006, appellants filed a notice of appeal with the Wickliffe Board of Zoning Appeals ("BZA"). The building commissioner subsequently filed four criminal complaints and summonses with the Willoughby Municipal Court on September 19, 2006. While these complaints were pending, on December 28, 2006, the BZA conducted a public hearing on appellants' notice of appeal. After the hearing, the BZA affirmed the building commissioner's issuances of violations. On January 24, 2007, appellants filed a notice of appeal to the Lake County Court of Common Pleas.

{¶ 3} On March 7, 2007, the city dismissed the criminal complaints without prejudice for failure of proper service. Subsequently, on March 20, 2007, the city re-filed the criminal complaints and perfected service upon all proper parties.

{¶ 4} In the meantime, in the action before the court of common pleas, appellee moved to dismiss appellants' administrative appeal. In a judgment entry dated September 28, 2007, the lower court granted appellee's motion. The court first pointed out that it did not have jurisdiction to grant the relief sought by appellants, namely, a reversal of the BZA's determination with the goal of triggering a dismissal to the criminal charges. The trial court stated that the appellants could not use R.C. Chapter 2506 as a vehicle to appeal the issuance of criminal charges. The court further determined:

{¶ 5} "[T]he [BZA's] decision to sustain the Notices of Violations is not a final order, adjudication or decision of a political subdivision that is appealable under

R.C. Chapter 2506 because the decision was issued preliminary to a criminal proceeding that is currently pending in the Willoughby Municipal Court."

{¶ 6} Although it did not specifically rule on the issue, the trial court noted its doubts whether the BZA possessed jurisdiction under the city's codified ordinance to hear appellants' appeal. Appellants now appeal, asserting the following assignment of error:

{¶ 7} "The trial court erred to the prejudice of plaintiffs-appellants in granting defendant-appellee's motion to dismiss."

{¶ 8} The grant or denial of a motion to dismiss is a legal conclusion, which an appellate court reviews de novo. *Jacobs v. Budak*, 11th Dist. No. 2007–T–0033, 2008-Ohio-2756, 2008 WL 2332543, ¶ 87.

{¶ 9} Under their sole assignment of error, appellants argue that they followed the proper procedural channels for challenging the building commissioner's citations for property-maintenance violations and therefore the Lake County Court of Common Pleas erred in dismissing their appeal from the BZA's decision. Specifically, appellants maintain that the trial court's conclusion that the BZA's decision was not a final, appealable order was error. Appellants' argument has merit.

{¶ 10} R.C. 2506.01, the statute governing appeals from decisions of any agency of a political subdivision, allows for the administrative appeal of any "final order, adjudication, or decision." A final order, adjudication, or decision is defined as any "order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, *but does not include * * * any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.*" (Emphasis added.) R.C. 2506.01(C).

{¶ 11} Here, approximately one month after appellants were given notice of multiple building-maintenance violations, the building commissioner filed several criminal complaints and summonses in the Willoughby Municipal Court. The criminal proceedings had commenced at the time the BZA issued its decision affirming the building commissioner's citations on December 28, 2006. Consequently, as the criminal proceedings remained pending against appellants at the time of the BZA's decision, the trial court concluded that the BZA's decision was "preliminary" to those proceedings, thus rendering that decision not final and appealable pursuant to R.C. 2506.01(C).

{¶ 12} While the trial court's interpretation is understandable, we disagree that the final phrase of R.C. 2506.01(C) should be interpreted as a temporal mandate. Rather, we find it to be procedural. We believe that the exception from finality for administrative decisions "issued preliminary to or as a result of a criminal

proceeding" applies to administrative decisions that are either *predicates* for a criminal proceeding or that arise as a *consequence* of the institution of criminal proceedings. If the prohibition against finality for administrative decisions set forth in the statute is read as a temporal injunction, then parties whose substantial rights have been determined by an administrative decision would have no timely recourse to appeal if the same subject matter has resulted in the institution of criminal proceedings—as herein.

{¶ 13} Put another way, if an administrative decision results in criminal proceedings, or flows from criminal proceedings, it is not final and appealable until those proceedings are final and appealable. But that is not the situation presented by this appeal. The building commissioner could have proceeded simply by issuing the property-maintenance citations. He could have proceeded simply by filing the criminal complaints. He could do what he in fact did—file both. But the matters are not dependent on each other. They are simply separate arrows he may draw from his quiver when targeting perceived violations of Wickliffe's building code.

■ {¶ 14} We further note that the BZA did have authority to hear appellants' appeal of the citations issued. The Wickliffe Building Commission is authorized to "interpret, administer and enforce the building, electrical and plumbing ordinances of the City and any other ordinances now in effect or hereafter created or passed relating to the construction of any building, of whatever character and for whatever purpose the same may be used, and *interpret and enforce the Zoning Ordinance of the City * * *.*" (Emphasis added.) Wickliffe Ordinance 1105.03.

{¶ 15} Further, Wickliffe Ordinance 1105.11 provides: *"Any person or the head of any department or division of the City aggrieved by a decision of the Building Commissioner may appeal such decision to the Board of Zoning Appeals in the manner provided in Chapter 1335 of the Planning and Zoning Code."* (Emphasis added.)

{¶ 16} Thus, the Wickliffe building commissioner is vested with authority to enforce the building and zoning codes, and decisions rendered under either code are appealable to the Board of Zoning Appeals as provided for in R.C. Chapter 1335. Cf. Wickliffe Ordinance 1335.30(a) (stating that the Board of Zoning Appeals is "[t]o hear appeals on decisions made by the Building Commissioner").

{¶ 17} For the reasons discussed above, appellants' sole assignment of error has merit, and the decision of the Lake County Court of Common Pleas is hereby reversed, and this matter is remanded for further proceedings consistent with this opinion.

{¶ 18} It is the further order of this court that appellee is assessed costs herein taxed.

{¶ 19} The court finds that there were reasonable grounds for this appeal.

Judgment reversed<br>and cause remanded.

GRENDELL, P.J., concurs.

RICE, J., dissents.

CYNTHIA WESTCOTT RICE, Judge, dissenting.

{¶ 20} I disagree with the majority's interpretation of the plain language of R.C. 2506.01(C) and therefore dissent.

{¶ 21} R.C. 2506.01 allows for the administrative appeal of any "final order adjudication, or decision." Under subsection (C) of the statute, a final order, adjudication, or decision does not include any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶ 22} According to the majority, however, R.C. 2506.01(C) precludes appeals from only those administrative decisions that *result in* criminal proceedings or that *are a consequence of* criminal proceedings. In this case, the majority maintains that R.C. 2506.01(C) is not applicable, because the criminal proceedings were not predicated upon the BZA's decision. I cannot agree with the majority's unusual interpretation.

{¶ 23} The plain statutory language does not, without some interpretational gymnastics, imply that a decision of the BZA must result in a criminal prosecution to trigger its operation. Quite generally, R.C. 2506.01(C) merely requires that the decision be "preliminary to" a criminal proceeding. Using Occam's Razor, I would interpret this broad directive as a limitation on the appealability of *any* decision of the BZA addressing an issue that subsequently becomes the subject of a formal criminal complaint. Using this logic, any decision filed by the BZA relating to alleged violations that are the foundation for an eventual criminal prosecution is a decision "preliminary to" that prosecution.

{¶ 24} The majority worries that such an interpretation would be unfair because those whose rights have been affected by the BZA's decision would have no timely recourse to an appeal. This is a false alarm. Simply because the General Assembly has precluded pursuit of an administrative appeal under these circumstances does not imply that a criminal defendant has been stripped of his abilities to assert and/or defend his position. The criminal process entitles a criminal defendant to challenge the sufficiency and substance of the charges against him. Moreover, the criminal forum may give the defendant the procedur-

al advantage of requiring the city to prove its allegations beyond a reasonable doubt. Thus, by prohibiting administrative appeals filed preliminary to criminal proceedings, R.C. 2506.01(C) neither unfairly limits nor compromises an individual's ability to fight an alleged violation.

{¶ 25} Given the generality of the statutory language, I would hold that the phrase "preliminary to" means "occurring before." Thus, pursuant to R.C. 2506.01(C), I would hold that the BZA's decision was not a final, appealable order and that the trial court properly dismissed the matter.